UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AVERY HARMON,

       Plaintiff,

v.                                Case No. 3:25-cv-1459-MMH-SJH

SHERIFF T.K. WATERS, in his
individual and official capacity,

       Defendant.

---

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff Avery Harmon, a pretrial detainee at the Duval County Jail, is proceeding on a pro se Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 (Complaint, Doc. 1). Plaintiff alleges that Jacksonville Sheriff T.K. Waters, in his individual and official capacity, violated Plaintiff's First Amendment right to free speech. Id. at 3–4. Plaintiff asserts that the Integrity Unit of the Jacksonville Sheriff's Office (JSO) charged him with a written threat for a letter he sent to Jacksonville Mayor Donna Deegan on November 10, 2024, because Plaintiff is a Republican and a fan of Melania Trump. Id. at 4–5. Plaintiff also asserts that Officer Nelson threatened to make his "time hard" because Officer Nelson is a Democrat and a fan of the Mayor. Id. at 6.

Plaintiff seeks $1.5 million in damages for false imprisonment and cruel and unusual punishment. Id. at 5.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.[1] See 28 U.S.C. § 1915(e)(2)(B). As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[2] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted);

---

[1] Plaintiff moves to proceed as a pauper. See Doc. 2.

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citation omitted). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262–63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Twombly, 550 U.S. at 555). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. While not required to include detailed factual allegations, a

3

complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (alternation and internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 679. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the pleading, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol.

4

Gov't of Columbus, Ga., 438 F. App'x 837, 839 (11th Cir. 2011)[3] (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

Construed liberally, the Complaint fails to state a claim for relief that is plausible on its face and fails to comply with the pleading standards of Federal Rule of Civil Procedure 8(a) and (d). First, Plaintiff's factual allegations are not "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Rather, they are rambling, confusing, and unclear. See generally Doc. 1. Additionally, to the extent Plaintiff asserts claims against different Defendants, he fails to "separate each cause of action or claim for relief into a different count." Barmapov v. Amuial, 986 F.3d 1321, 1325 (11th Cir. 2021). To the extent Plaintiff premises any claim on Officer Nelson's threat to make Plaintiff's "time hard," Doc. 1 at 6, such allegations do not state a constitutional violation. See Edwards v. Gilbert, 867 F.2d 1271, 1273 n.1 (11th Cir. 1989) (stating that "verbal taunts . . . [h]owever distressing" cannot establish a claim under the Eighth

---

[3] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

Amendment[4]); Hernandez, 281 F. App'x at 866 (finding "allegations of verbal abuse and threats by the prison officers did not state a claim because the defendants never carried out these threats and verbal abuse alone is insufficient to state a constitutional claim"); Pete's Towing Co. v. City of Tampa, Fla., 648 F. Supp. 2d 1276, 1287 (M.D. Fla. 2009)[5] ("[V]erbal threats and harassment are generally not actionable under § 1983." (citation omitted)). Thus, the conditions Plaintiff describes resulting from Officer Nelson's threats do not rise to the level of cruel and unusual punishment.

Moreover, to the extent Plaintiff attempts to bring a First Amendment retaliation claim against Sheriff Waters for JSO's charge against Plaintiff for his letter to the Mayor, Plaintiff's claim fails. "The core of [a retaliation claim brought pursuant to 42 U.S.C. § 1983] is that the prisoner is being retaliated against for exercising his right to free speech." O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011) (per curiam) (citation omitted).

---

[4] Although Plaintiff's conditions of confinement claims must be reviewed under the Fourteenth Amendment, which applies to pretrial detainees, the standards under the Eighth and the Fourteenth Amendment are the same with respect to providing necessities and a safe environment to prisoners and detainees. See Nam Dang ex rel. Vina Dang v. Sheriff, Seminole Cnty. Fla., 871 F.3d 1272, 1279 (11th Cir. 2017); Goodman v. Kimbrough, 718 F.3d 1325, 1331 n.1 (11th Cir. 2013).

[5] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) ("Although a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

> [A plaintiff] can prevail on a retaliation claim if "(1) his speech was constitutionally protected; (2) [he] suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech." Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008).

Williams v. Radford, 64 F.4th 1185, 1192 (11th Cir. 2023) (internal citation modified). "To establish a causal connection, the plaintiff must establish that the defendant was subjectively motivated by the plaintiff's protected speech." Smith, 532 F.3d at 1278.

Plaintiff's allegations are too vague and conclusory to establish the elements of a retaliation claim. Even if the charge against Plaintiff could be considered an adverse action, Plaintiff does not sufficiently allege that his speech was constitutionally protected or that the charge against him was subjectively motivated by the protected speech. Plaintiff neither provides copies of his letter and the disciplinary charge, nor explains the contents thereof, to enable the Court to determine whether he has plausibly alleged a retaliation claim. See Mitchell v. Hillsborough Cnty., 468 F.3d 1276, 1282–83 (11th Cir. 2006) (stating "the court is required to examine for itself the statements at issue and the circumstances under which they are made to determine whether or not there is First Amendment protection"); see also Ray v. Johnson, No. 5:18-cv-1574-CLS-HNJ, 2020 WL 4880168, *8 n.7 (N.D. Ala.

7

Aug. 18, 2020) (same), rep. & recommendation adopted, 2020 WL 6323149, \*1 (N.D. Ala. Oct. 28, 2020).

In any event, Plaintiff's attempt to hold Sheriff Waters liable for the conduct of his subordinates fails to state a plausible retaliation claim. It is well established that liability under § 1983 may not be premised on a theory of vicarious liability. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), abrogated in part on other grounds by Randall, 610 F.3d at 709; see also Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990) ("It is axiomatic, in [§] 1983 actions, that liability must be based on something more than a theory of respondeat superior."). To establish individual liability for supervisory conduct, a plaintiff must show "that the supervisor either directly participated in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the alleged constitutional violation." Keith v. DeKalb Cnty., 749 F.3d 1034, 1047–48 (11th Cir. 2014). Here, Plaintiff's allegations do not suggest that Sheriff Waters personally participated in the alleged constitutional violation or that there was a causal connection between his conduct and the alleged constitutional deprivation.

Additionally, to the extent Plaintiff sues Sheriff Waters in his official capacity, official-capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" Kentucky v. Graham, 473 U.S. 159, 165–66 (1985) (quoting Monell v. New York City

8

Dept. of Soc. Servs., 436 U.S 658, 690 n.55 (1978)); Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991). Thus, a suit against Sheriff Waters in his official capacity is equivalent to suing JSO, but a sheriff's office is not a legal entity subject to suit in a civil rights action brought under § 1983. See Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992) (affirming dismissal of § 1983 action against the sheriff's department); see also Faulkner v. Monroe Cnty. Sheriff's Dep't, 523 F. App'x 696, 701 (11th Cir. 2013) ("Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued."); Maldonado v. Baker Cnty. Sheriff's Off., 513 F. Supp. 3d 1339, 1348 (M.D. Fla. 2021) ("[A] sheriff's office, jail, or detention center is not an entity subject to suit under Florida law."). And to the extent Plaintiff attempts to raise a municipal liability claim against Sheriff Waters, Plaintiff fails to allege that any custom, policy, or practice was the "moving force" behind any alleged constitutional violation. Graham, 473 U.S. at 166 ("[A] governmental entity is liable under § 1983 only when the entity itself is a moving force behind the deprivation; thus, in an official-capacity suit the entity's policy or custom must have played a part in the violation of federal law." (internal quotation marks and citations omitted)); Monell, 436 U.S. at 693–94 (concluding that municipal liability under § 1983 occurs "when execution of a government's policy or custom" is "the moving force" behind the constitutional violation); McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). In other words, Plaintiff does not

9

allege that any custom, policy, or practice caused his injuries. See Grech v. Clayton Cnty., Ga., 335 F.3d 1326, 1329 (11th Cir. 2003) (stating that a plaintiff "must identify a municipal policy or custom that caused his injury"). Therefore, Plaintiff has failed to state a claim against Sheriff Waters either in his individual or official capacity. Based on the foregoing, Plaintiff's Complaint will be dismissed without prejudice under the PLRA.[6]

Therefore, it is now **ORDERED**:

1.     This case is **DISMISSED without prejudice**.

2.     The **Clerk of Court** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of April, 2026.

**MARCIA MORALES HOWARD**
Chief United States District Judge

---

[6] To the extent Plaintiff attempts to challenge the validity of his confinement, the proper vehicle to do so would be a habeas corpus action, not a civil rights action under § 1983. See Muhammad v. Close, 540 U.S. 749, 750 (2004) ("Challenges to the validity of confinement or to particulars affecting its duration are the province of habeas . . . ; requests for relief turning on circumstances of confinement may be presented in a § 1983 action.").

Jax-11
c:      Avery Harmon, #2024022479